IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ahmed Lari, dba Advantage Corporation,

        Plaintiff

  v.

Big Lots Stores, Inc.,

        Defendant

:
:    Civil Action 2:10-cv-00523
:    Judge Michael H. Watson
:    Magistrate Judge Abel
:

## ORDER

This matter is before the Magistrate Judge on defendant Big Lots Stores, Inc.'s ("Big Lots") December 21, 2010 motion to compel (doc. 20). Big Lots seeks an order compelling plaintiff Ahmed Lari to produce documents requested by Big Lots and awarding Big Lots its reasonable expenses and attorney fees incurred in filing its motion.

<u>Background</u>. On October 25, 2010, Big Lots served upon Lari a Second Set of Requests for Production of Documents that required Lari to produce all documents that refer to, relate to, or reflect any and all storage charges he claimed to have incurred with respect to the goods that are the subject of his complaint. The time for responding elapsed without any response from Lari. On December 14, 2010 counsel for Big Lots sent a letter requesting that Lari produce the requested documents. The matter was also

1

raised in a December 15, 2010 email exchange with Lari's counsel. Defendant filed its motion to compel on December 21, 2010.

On December 27, 2010, Big Lots filed a reply in support of its motion to compel stating that Lari had recently provided it with a written response indicating that he had been unable to locate the requested documents but that he had made a request to the vendor and he would produce the documents upon receipt from the vendor. Big Lots maintains that it is still entitled to receive its reasonable expenses, including attorney fees, incurred in preparing its motion to compel.

On January 3, 2011, plaintiff filed a response in opposition to defendant's motion to compel. Plaintiff maintains that since the time he received the Second Request for Production of Documents, he has been diligently searching for the copies of the invoices for the storage charges, but he has been unable to locate them. At the time the storage charges were incurred, plaintiff's office was in New Orleans. He has since moved to Brazil and engages in international commerce in Brazil, China, and the Middle East. Although plaintiff acknowledges that he did not respond to the request in a timely manner, during this time, his wife gave birth and his brother and business partner suddenly died.

Discussion. Rule 37(a)(5)(A) provides in pertinent part:

> If the motion is *granted--or if the disclosure or requested discovery is provided after the motion was filed*--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

2

attorney's fees. But the court must not order this payment if:

(I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).

Although plaintiff maintains that he searched diligently for the documents requested by defendant, he failed to make Big Lots aware of this fact in a timely manner. Plaintiff also reports that the birth of a baby and the unexpected death of his brother and business partner are responsible for the delay. Plaintiff's inability to locate the documents is not problematic, but his complete failure to communicate his unsuccessful attempts or his need for an extension of time in which to respond to defendant's discovery requests is inexcusable. Defendant's motion for an order awarding Big Lots its reasonable expenses and attorney fees incurred in filing its motion (doc. 20) is GRANTED.

Big Lots is ORDERED to submit an itemized statement of such costs and fees and supporting memorandum within ten (10) days of the date of this Order. Thereafter, plaintiff may file a brief in opposition within seven (7) days of the date of service of defendant's statement and supporting memorandum.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                                    s/Mark R. Abel
                                                    United States Magistrate Judge